**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.:**

VOLTSTAR TECHNOLOGIES, INC.,

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,

    Defendant.

_____

**COMPLAINT FOR PATENT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff VOLTSTAR TECHNOLOGIES, INC. by and through its undersigned counsel, brings this Complaint against Defendant PUBLIX SUPER MARKETS, INC. for Patent Infringement, and in support, alleges as follows:

**NATURE OF THE LAWSUIT**

1. This is an action for patent infringement of United States Patent Number 9,024,581, and its Reissue Patent Number RE48,794 E (hereinafter, the "'794 Patent") arising under the patent laws of the United States Title 35, United States Code §§ 1 *et seq.* to enjoin further infringement and obtain damages resulting from Defendant Publix Super Markets, Inc.'s unauthorized manufacture, use, offer to sell and sale in the United States of a product identified and described herein as iessentials USB Car & Wall Charger in violation of Plaintiff Voltstar's rights under U.S. Patent No. '794 Patent.

**JURISDICTION AND VENUE**

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over the Defendant.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Publix Super Markets, Inc. has committed acts of infringement and has a regular and established place of business within this judicial district and division. The accused product herein was purchased on April 3, 2022 at the Publix supermarket store located at 3003 Yamato Road, Suite C9, Boca Raton, Florida 33434.

## THE PLAINTIFF

5. Plaintiff, Voltstar Technologies, Inc. ("Voltstar"), is a Illinois Corporation with a principal place of business located at P.O. Box 3727, Barrington, IL 60010.

## THE DEFENDANT

6. Publix Super Markets, Inc. ("Publix") is a Florida corporation with its principal place of business at 3300 PUBLIX CORPORATE PKWY, Lakeland, FL 33811, and can be served by serving its Registered Agent, Corporate Creations Network, Inc., 801 US Highway 1, North Palm Beach, FL 33408.

## THE PLAINTIFF'S PATENT

7. Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number US RE48,794E (the " '794 patent"), entitled "Charger Plug With Improved Package", issued October 26, 2021. A copy of the '794 Patent is attached hereto as **Exhibit 1**.

8. Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

9. McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 (the "'581 patent") entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015.

10. McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc. in May, 2008, which was recorded at the United States Patent and Trademark Office on May 21, 2008 at Reel 20979, Frame 56. Horizon Technologies, Inc. changed its name to Voltstar Technologies, Inc. and recorded such change of name at the United States Patent and Trademark Office on March 1, 2010, and corrected on November 22, 2010 at Reel 25411, Frame 783.

11. In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with objects or furniture that may be placed adjacent to or in front of the outlet. In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power. An example of the "Charger Plug with Improved Package Electrical Charger" is shown below:



12.     On October 26, 2021, the U.S. Patent No. 9,024,581 was reissued as Patent Number US RE48,794E ("the '794 Patent"). The reissued '794 Patent, in part, specifically amended Claim 1(i) to now state: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches …"[1]

13.     Pursuant to 35 U.S.C. § 252, Claim 1 of the reissued '794 Patent is substantially identical with the original U.S. Patent No. 9,024,581 in that it has only limited the sizing dimensions of the claimed invention. Therefore, the reissued '794 Patent is a continuation of the original U.S. Patent No. 9,024,581 and has effect continuously from the date of the original patent as May 5, 2015.

---

[1] The previous language of the U.S. Patent No. 9,024,581 Claim 1(i) stated: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is equal to or less than 2.0 inches …"

On reissue, the USPTO amended the claim language. The bolded language was omitted and the italicized portion was included, shown as follows: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is [**equal to or**] less than 2.0 inches, *a width of the housing outer profile being less than 1.75 inches …*"

## DEFENDANT'S PRODUCT

### Accused Product – iessentials USB Car & Wall Charger.

14.     Publix makes, uses, offers for sale and sells iessentials USB Car & Wall Charger (hereinafter "iessentials USB Wall Charger"). An example of the iessentials USB Wall Charger, distributed by Publix is shown below.



15.     Publix advertises the use of and sells its iessentials USB Wall *charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

16.     In particular, the iessentials USB Wall Charger distributed by Publix employs a reduced plug-size charger plug, that upon plugging the iessentials USB Car _ Wall Charger into a source of AC power such as a wall outlet, the iessentials USB Wall Charger does not block or interfere with the use of adjacent outlets.

17.     Moreover, the size and shape of the iessentials USB Wall Charger are such that a power cord for the device to be charged may be easily inserted into and removed from the iessentials USB Wall Charger while the charger is plugged into the source of AC power and removal of the power cord from the iessentials USB Wall Charger can be accomplished without removal of the charger from the source of AC power.

18. Attached hereto as **Exhibit 2** is a Claim Chart that illustrates each element of the infringing iessentials USB Wall Charger as compared to Claim 1 in the '794 Patent.

19. Defendant Publix infringed at least one of the claim of the '794 Patent by offering to sell and by selling a charger plug identified as iessentials USB Wall Charger.

20. The iessentials USB Wall Charger has a longitudinal length less than 2 inches, approximately 1.077 inches, and a width of less than 1.75 inches, approximately 1.343 inches.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794E

21. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1 through 20, as set forth above.

22. Within the six years preceding the filing of this Complaint, Publix has directly infringed at least one claim of U.S. Patent No. US RE48,794E by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

23. Without limiting the foregoing, Defendant has infringed at least Claim 1 of the '794 Patent as described in the Claim Chart attached hereto as **Exhibit 2.**

24. Publix's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without license, permission, or authorization from Voltstar.

25. Publix's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products including iessentials USB Wall Charger, which incorporates Voltstar's patent.

26. Defendant's infringement of the '794 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT II
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794E

27. Voltstar repeats, realleges and incorporates by reference, as if fully set forth herein paragraphs 1 through 20, as set forth above.

28. Within the six years preceding the filing of this Complaint, Publix has indirectly infringed at least one claim of U.S. Patent No. RE48,794E, by requesting and encouraging and inducing customers to distribute the '794 infringing products in violation of 35 U.S.C. § 271(b).

29. Defendant, Publix has induced and continues to induce infringement of at least Claim 1 of the '794 Patent under 35 U.S.C. § 271(b).

30. Publix's activities alleged in this Count have been without license permission or authorization from Voltstar.

31. Publix knowingly and actively aided and abetted the direct infringement of the '794 Patent by instructing and encouraging its customers, purchasers, users and developers to distribute the 794 infringing products. Such instructions and encouragement included, but are not limited to, advising third parties to use the '794 infringing products in an infringing manner, providing a mechanism through which third parties may infringe the '794 Patent, and by advertising and promoting the use of the '794 infringing products in an infringing manner, and distributing guidelines and instructions to third parties on how to use the '794 infringing products in an infringing manner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Voltstar Technologies, Inc. demands judgment and relief against Defendant Publix Super Markets, Inc. and respectfully requests that the Court:

A. An entry of judgment holding that Defendant has infringed and is infringing the '794 Patent and has induce infringement and is inducing infringement of the '794 Patent;

B. For an accounting and an award of damages sufficient to compensate Voltstar for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. A determination that Defendant's infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

D. A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Voltstar of its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '794 Patent; and

F. That Voltstar is entitled to such other and further relief as to the Court appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: April 21, 2022

Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number: 125322

craig.wirth@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number:  1032760
angela.nieves@sriplaw.com
LAYLA T. NGUYEN
Florida Bar Number:  1024723
layla.nguyen@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Voltstar Technologies, Inc.*